McIlvaine, J.
The statute makes it an offense to receive stolen goods, of the value of $35, knowing them to have been stolen, with intent to defraud the owner. According to the view of the v.ourt below, the only fraud intended against the owner, within the meaning of the statute, is one which de prives him of the property so received in whole or in part. In our opinion, this construction of the statute is too narrow. The terms of the statute include every form of fraud upon the owner, of which the receiving may constitute an element. Ilence, the receipt of stolen goods, knowing them to have been stolen, with intent to use the possession thus acquired as a means to induce the owner to pay the receiver money for their return to him, is a fraud within the meaning of the *66 statute. And when such intent exists in the mind of the re ceiver, it. excludes the existence of an honest intention to return the goods to the owner. The right to the possession of stole], goods is in the owner. The immediate and unconditional possession is his right. It is the duty of every one receiving them, knowing them to have been stolen, to return them to the owner, or, at least, to hold them for his use. Hence, it is a fraud against the owner for any one so receiving them to conceal them and withhold the possession from him for the purpose of inducing him, in ignorance of the facts, to pay or agree to pay for their return.
Whether a person receiving stolen goods, knowing them to have been stolen, may rightfully demand a reward, which may have been voluntarily offered for the return of the goods by the owner, is a question not involved in the exceptions before .us. The fraud in this case consisted in receiving the goods, having knowledge of the owner and that the same were stolen, with intent, by concealing the fact of possession in the receiver, to induce the owner to part with other property as a compensation to the receiver for the return of the goods. This was a fraud within the meaning as well as within the words of the statute. See People v. Wiley, 3 Hill, 194, and Berry v. State, 31 Ohio St. 219.

Exceptions sustained.